UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA          :
                                  :
          v.                      :          CR No. 05-11S
                                  :
ANTHONY LIPSCOMB                  :

**MEMORANDUM AND ORDER**

Before this Court is Defendant's Motion to Disclose Informant's Identity or, Alternatively, for <u>In Camera</u> Disclosure of Information (Document No. 34). This Motion has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); Local R. 32(b). A hearing was held on June 16, 2005. After reviewing the parties' memoranda, listening to the arguments of counsel, and performing independent research, this Court concludes that Defendant has not met his heavy burden to overcome the so-called "informer's privilege" and has otherwise not established grounds for <u>in camera</u> disclosure.

**Facts**

Defendant is charged by indictment with (1) possession with intent to distribute more than five grams of cocaine base (21 U.S.C. §§ 841(a)(1), (b)(1)(B)); (2) possession of a firearm in furtherance of drug trafficking (18 U.S.C. § 924(c)(1)(A)); and (3) possession of a firearm by a previously convicted felon (18 U.S.C. § 922(g)(1)). Defendant was arrested by officers of the Providence Police Department on December 30, 2004. The officers have testified (both in an affidavit submitted to the Court and at a suppression hearing before District Judge William Smith) that they received tips from confidential informants that Defendant was using a green Jaguar automobile to transport narcotics in the west end of Providence and that Defendant may be in

possession of a firearm. The officers testified that they conducted certain corroborating surveillance. On December 30, 2004, the officers testified that they received a tip that Defendant would be in possession of a firearm and crack cocaine on that date and would be picking up his girlfriend at a Providence apartment in a short time to make a crack cocaine delivery.

The officers testified that they established surveillance at the girlfriend's apartment and observed Defendant pick up his girlfriend in the green Jaguar. The officers followed Defendant's vehicle and approached him after he had stopped and exited the vehicle at an auto repair shop in the west end of Providence. As one of the officers approached Defendant and identified himself as a law enforcement officer, the officers testified that Defendant turned away, reached into his jacket pocket, threw down a bag, later determined to contain cocaine, and ran.

Defendant was ultimately taken into custody after a struggle. During the struggle, the officers testified that Defendant removed a handgun from his waist band and threw it under a parked car. The officers seized approximately forty (40) grams of cocaine and a loaded 9 mm semi-automatic pistol with obliterated serial numbers. Defendant denies that he was in possession of the narcotics or firearm. He testified at the suppression hearing that he had stopped at the auto repair shop to make an appointment and that a car suddenly pulled up and he was tackled by one of the officers who he did not know at the time was a police officer. He testified that other officers arrived, assaulted Defendant, falsely accused him of possessing drugs and arrested him.

A suppression hearing was held before Judge Smith on April 13, 2005. Two Providence police detectives and Defendant testified. On May 25, 2005, Judge Smith denied Defendant's Motion to Suppress on the ground that Defendant lacked standing under the Fourth Amendment because he either never possessed the items seized (Defendant's version) or had abandoned them

during the foot chase (officers' version). However, in his decision, Judge Smith concluded that the officers had "reasonable suspicion to approach" Defendant but did note the existence of some "potential obstacles" to that conclusion. One of those "potential obstacles" is a factual dispute regarding the license plate on Defendant's Jaguar. Defendant does not deny he was driving the green Jaguar on the day of his arrest. He asserts that the Jaguar had a vanity plate that read "SOVRN" on that day and that he had changed the registration from "XM-82 " to "SOVRN" the previous summer. The officers testified that Defendant's Jaguar had the plate "XM-82 " during the surveillance on the days preceding Defendant's arrest and on the day of his arrest. The officers also noted that one of the two confidential informants identified the plate as "XM-82." However, the Government now stipulates that the Jaguar as currently impounded in the possession of law enforcement authorities bears the plate "SOVRN." It is this factual dispute that Defendant claims compels disclosure of the identity of one of the confidential informants.

## Discussion

The Supreme Court in <u>Roviaro v. United States</u>, 353 U.S. 53, 59 (1957), recognized that the Government has a privilege to withhold from disclosure the identity of informants. The First Circuit has recognized that this privilege is not absolute but requires a balancing of the interests underlying the privilege against the "accused's fundamental right to a fair trial." <u>United States v. Robinson</u>, 144 F.3d 104, 106 (1st Cir. 1998). However, it has instructed that Defendant bears a "heavy" burden of establishing that disclosure is "necessary to mounting an adequate defense." <u>Id.</u> In a case such as this where the informant is a "tipster" who was not a participant in or observer of the crime charged, Defendant's burden elevates to the need to establish "exceptional circumstances under which [disclosure] is vital to a fair trial." <u>United States v. Gomez-Genao</u>, 267 F.3d 1, 3 (1st Cir. 2001).

-3-

Defendant asserts that the credibility of the officers is "critical" in this case because they are the only witnesses linking Defendant to the firearm and crack cocaine. While Defendant's assertion appears correct, the presence of contradictory evidence regarding the license plate is simply not enough to warrant information disclosure when viewed in the context of the entirety of the facts and circumstances present in this case. It is undisputed that the informants in this case were "tipsters" and were not participants in or witnesses to the alleged crimes. Defendant speculates that the license plate discrepancy may lead to more, such as evidence that the informant(s) never existed or that the officers' information as to the "XM-82" license plate was gleaned from "stale" information and not from current surveillance and tips as claimed. However, Defendant has not offered any concrete evidence demonstrating that "the circumstances demand disclosure." United States v. Lewis, 40 F.3d 1325, 1335 (1st Cir. 1994). "Mere speculation as to the usefulness of the informant's testimony...is insufficient to justify disclosure of his or her identity, so defendant[ ] ha[s] an obligation to provide at least some explanation of how the informant's testimony would have supported [his] alleged defenses." United States v. Martinez, 922 F.2d 914, 921 (1st Cir. 1991) (citations omitted). Defendant has not articulated a sufficient explanation to meet his burden.

The disputed license plate evidence is "only of tangential relevance at best." Id. The issue is plainly "peripheral to the crimes charged" because Defendant does not deny he was driving the green Jaguar on the day of his arrest and the proof of none of the charges is dependent on what was on the Jaguar's license plate. See United States v. Robinson, 144 F.3d at 107. While the inconsistency in the plate identification is somewhat troubling, it represents an extraneous detail in this case that Defendant has not shown is vital to a fair trial. See, e.g., United States v. Russotti, 746 F.2d 950 (2nd Cir. 1984) (disclosure to enable Defendant to probe the reporting officer's credibility

-4-

is "normally an insufficient basis to overcome the informer's privilege"). While his theory that the surveillance and/or informants were fabricated is plausible, it is equally plausible that Defendant was changing his plates to and from the old "XM-82 " and new "SOVRN" license plates to avoid law enforcement detection. It is also equally plausible that he directed someone, or someone on his behalf, swapped the plate after his arrest and before the Jaguar was secured to insert some doubt or confusion into the case.

Alternatively, without any citation to supporting authority, Defendant seeks the "lesser" remedy of in camera disclosure to the Court of information concerning the circumstances of the receipt of the officers' knowledge concerning Defendant's use of "XM-82." Defendant does not specify the manner or mechanism for this in camera disclosure or what he requests of the Court after receiving the disclosure. The Government also correctly argues that Defendant's in camera request is more in the nature of a request for a Franks hearing. Judge Smith has already disposed of Defendant's Fourth Amendment challenge and thus there is no basis for a Franks hearing at this time. See Franks v. Delaware, 438 U.S. 154 (1978).

Finally, Defendant has not shown that he would be unable to utilize the license plate dispute to impeach the credibility of the officers at trial without disclosure of the informant's identity. Nor has Defendant shown that his counsel would be unable himself to question the officers at trial about when and how they became aware that the license plate on Defendant's Jaguar was "XM-82." The Government represents, without any contradiction by Defendant, that Defendant "would still be able to rely on the copies of the police reports and/or witness statements supplied to him by the Government, as well as [the officer's] grand jury testimony and the testimony of both [officers] at the suppression hearing," in furtherance of any efforts to impeach the officers. Thus, there has been

no showing that the denial of Defendant's Motion will deprive him of an impeachment opportunity or otherwise result in denial of a fair trial.

## Conclusion

For the foregoing reasons, Defendant's Motion to Disclose Informant's Identity or, Alternatively, for In Camera Disclosure of Information (Document No. 34) is DENIED.

LINCOLN D. ALMOND
United States Magistrate Judge
June 24, 2005

-6-