UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR. No. 05-011 S

ANTHONY LIPSCOMB :

**MOTION TO ALLOW JURY QUESTIONAIRE ON ISSUE OF RACIAL BIAS**

NOW comes the defendant, Anthony Lipscomb, and moves pursuant to Rule 24(a)(2)(B), moves that this Honorable Court allow the jury to be asked a short series of questions, in the form of a written questionaire, on the issue of racial bias. In support of this motion, the defendant incorporates by reference the attached Memorandum of Law and the Affidavit of Catherine K. Byrne, Assistant Federal Defender for the District of Massachusetts.

ANTHONY LIPSCOMB,
BY HIS ATTORNEY,

EDWARD C. ROY, ESQUIRE
ASSISTANT FEDERAL PUBLIC DEFENDER
10 Weybosset Street, Suite 300
Providence, RI 02903
( 401 ) 528 - 4281

**CERTIFICATION**

I hereby certify that I hand-delivered a copy of the within to Stephen Dambruch, AUSA on the 15th day of September, 2005.

______________________________

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

AFFIDAVIT OF CATHERINE K. BYRNE

The following is true to the best of my information and belief:

1. I am an assistant federal public defender practicing in Massachusetts.

2. I was defense counsel in the case of United States v. Franklyn Liranzo which was tried before Lindsay, J. in June 2002. In that case the defendant was a dark skinned Hispanic male and the charges were felon in possession of a firearm. Counsel requested and was granted a juror questionnaire on racial bias. **Approximately 25% of the jurors** answered that they believed that black or Hispanic men are more likely than members of other races to commit crimes.

3. I was defense counsel in the case of United States v. Dondi Willis which was tried in October 2003 before Lasker, J. In that case the defendant was a black male and the charges were felon in possession of a firearm. Counsel requested and was granted a juror questionnaire. **Approximately 20% of the jurors** answered that they believed that black or Hispanic men are more likely than members of other races to commit crimes.

4. I was defense counsel in the case of United States v. Jean Brito which was tried in January 2004 before Lindsay, J. In that case the defendant was a black male and the charges were felon in possession of a firearm. Counsel requested and was granted a juror questionnaire. **Sixteen out of fifty (Approximately 32%)** of the jurors indicated racial bias on their juror questionnaire.

5. The venire in United States District Court District of Massachusetts is over 95% White/Caucasian.

6. The limited juror questionnaire is necessary due to the risk of racial prejudice affecting the defendant's right to a fair trial.

Catherine K. Byrne [signature] 9/14/05

Catherine K. Byrne Date

**EXHIBIT A**

Juror Number ______

General Instructions for Completing Questionnaire

This questionnaire is being used to assist in jury selection in the case of United States of America v. Anthony Lipscomb. Mr. Lipscomb is a black man.

Please answer all questions below completely and truthfully. Your answers will be used only for the purpose of selecting a jury in this case. There are no right or wrong answers to these questions. Please keep in mind that you are answering these questions under oath and must be truthful.

1. You have no legal obligation to like or feel comfortable with a black person but you do have an obligation to tell the court your feelings candidly and accurately. Do you have any feelings or opinions about black people that would cause you to question your ability to be impartial in evaluating the evidence in this case? ________________________________________

2. Do you believe that black men are more likely than members of other races to commit crimes? ______________________

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CR. No. 05-011 S |
| ANTHONY LIPSCOMB | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ALLOW JURY QUESTIONAIRE ON ISSUE OF RACIAL BIAS**

The defendant, Anthony Lipscomb, has moved pursuant to Federal Rules of Criminal Procedure Rule 24(a)(2)(B), has moved that this Honorable Court allow the jury to be asked a short series of questions, in the form of a written questionaire, on the issue of racial bias. In support of this motion, the defendant has incorporated the Affidavit of Catherine K. Byrne, Assistant Federal Defender for the District of Massachusetts.

## I. Travel of United States v. Anthony Lipscomb

No doubt the Court and the Government recall the earlier "aborted" trial in this case, in which the trial was scuttled because of an incident in the jury assembly room which had some racial overtones. A juror made comments which were interpreted as being racially-based. While the Court and the parties cannot predict what will happen in the next empanelment of this case, this earlier incident illustrates that prejudice does exist and, most importantly, that bias and prejudice can be somewhat difficult to discern in the "public" forum. It is a fact of life that very few, if any, persons will disclose any bias or prejudice in an open forum where they might be subjected to criticism by the Court, by counsel, or by other jurors.

The advantage of a brief questionaire is that jurors will feel more free to disclose any bias or prejudice. The effectiveness of the questionaire in making this determination is illustrated by the experience of a colleague of defense counsel, Assistant Federal Public Defender Catherine K. Byrne, in the District of Massachusetts. To assist the Court and the Government in evaluating this motion, defense counsel is attaching to this Memorandum a proposed brief questionaire.

ANTHONY LIPSCOMB,
BY HIS ATTORNEY,

EDWARD C. ROY, ESQUIRE
ASSISTANT FEDERAL PUBLIC DEFENDER
10 Weybosset Street, Suite 300
Providence, RI 02903
( 401 ) 528 - 4281

**CERTIFICATION**

I hereby certify that I hand-delivered a copy of the within to Stephen Dambruch, AUSA on the 15th day of September, 2005.

______________________________