**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 05-011S** |
| | : | |
| **ANTHONY LIPSCOMB** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**MOTION FOR DISCLOSURE**

Now comes the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Stephen G. Dambruch, Assistant United States Attorney, and hereby responds to defendant's Motion for Disclosure as follows:

1. Providence Police Detective Scott Partridge drove the defendant's vehicle from the crime scene to the Providence Police Department.

2. Other than the police reports and/or witness statements already provided to the defendant, the Providence Police do not presently possess any additional surveillance logs or notes relating to the instant case at this time.

3. The government objects to this request and the grounds for that objection are set forth in the accompanying memorandum of law.

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney

Certificate of Service

I hereby certify that on the 22nd day of September, 2005, a copy of the within Government's Response was sent by facsimile transmission to Edward C. Roy, Assistant Federal Defender, 10 Weybosset Street, Suite 300, Providence, RI 02903 (fax no. 401-528-4285).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
v. : CR. No. 05-011S
:
ANTHONY LIPSCOMB :

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS RESPONSE TO DEFENDANT'S MOTION FOR DISCLOSURE

### INTRODUCTION

The defendant seeks disclosure of any allegations of racial bias, complaints, or racially-based complaints against two potential police witnesses. In support of his request, the defendant argues that this information represents exculpatory or impeachment material. The defendant's claim is without merit.

### ARGUMENT

While the government recognizes its present and continuing obligation to disclose exculpatory evidence pursuant to Brady v. Maryland, 373 U.S. 83 (1963), there is a limit to the scope of the material covered by the Brady disclosure requirement. The Brady case did not create a general right to discovery nor does it require the government to turn over to the defendant everything that he considers to be exculpatory. Weatherford v. Bursey, 429 U.S. 545 (1977); United States v. Agurs, 427 U.S. 97 (1976). Rather, the government's disclosure obligation only arises when the requested "favorable" evidence is material to

either the defendant's guilt or punishment. Brady, 373 U.S. at 87. In order for such evidence to be considered material, it must be admissible at trial. Wood v. Bartolomew, 516 U.S. 1, 5-6 (1995). That same admissibility requirement analysis applies to potential impeachment material as well. When evidence that is relevant for impeachment purposes will not be admissible at trial, Brady does not require the government to provide that information to the defendant. United States v. Silva, 71 F.3d 667, 670-71 (7th Cir. 1995).

Here, the defendant seeks information relating to allegations or complaints of racial bias made against to of the potential police officer witnesses. Since Rule 608(b) of the Federal Rules of Evidence generally prohibits the impeachment of a witness by way by introduction of extrinsic evidence relating to specific instances of misconduct other than a criminal conviction, it does not appear that evidence of any such allegations or complaints, even if they did exist, would be admissible for even impeachment purposes at the defendant's trial. Rule 608 does allow introduction of some misconduct evidence, but only if concerns a witness' character for truthfulness or untruthfulness, which is not the situation in the instant case. Therefore, the requested information would not ne admissible at trial and therefore does not fall within the Brady disclosure requirement.

**CONCLUSION**

For the reasons set forth above, the United States respectfully requests that this Honorable Court deny the defendant's Motion for Disclosure.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney

Certificate of Service

I hereby certify that on the 22nd day of September, 2005, a copy of the within Government's Memorandum was sent by facsimile transmission to Edward C. Roy, Assistant Federal Defender, 10 Weybosset Street, Suite 300, Providence, RI 02903 (fax no. 401-528-4285).