**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 05-011S** |
| | : | |
| **ANTHONY LIPSCOMB** | : | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION TO ALLOW JURY QUESTIONNAIRE**

Now comes the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Stephen G. Dambruch, Assistant United States Attorney, and hereby objects to defendant's Motion to Allow Jury Questionnaire on Issue of Racial Bias. The grounds for the government's objection are set forth in the accompanying memorandum of law.

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney

Certificate of Service

I hereby certify that on the 21st day of September, 2005, a copy of the within Government's Response was sent by facsimile transmission to Edward C. Roy, Assistant Federal Defender, 10 Weybosset Street, Suite 300, Providence, RI 02903 (fax no. 401-528-4285).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 05-011S |
| | : | |
| ANTHONY LIPSCOMB | : | |

GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS RESPONSE TO DEFENDANT'S MOTION TO ALLOW JURY QUESTIONNAIRE

## INTRODUCTION

The defendant asks that the Court require prospective jurors to complete a proposed questionnaire on the issue of racial bias. In support of that request, the defendant relies on the affidavit of an Assistant Federal Defender from the District of Massachusetts and a reference to an incident that occurred following the prior jury selection in the instant case. The defendant's claim is without merit.

## ARGUMENT

There is no constitutional presumption of juror bias for or against any particular racial or ethnic group nor is there an absolute requirement that the Court make inquiry of prospective jurors as to any racial prejudice. Rosales-Lopez v. United States, 451 U.S. 182, 190 (1981). Rather, such inquiry is only constitutionally mandated where racial issues are "inextricably bound up with the conduct of the trial." Ristaino v. Ross, 424

U.S. 589, 596 (1976).

There is, however, a separate nonconstitutional standard applicable to the federal courts. That standard encourages trial courts to make some sort of inquiry of prospective jurors when requested to do so by the defendant, but does not require it unless there is a reasonable possibility that racial or ethnic prejudice may influence the jury (i.e., a case involving allegations that the defendant committed a violent crime against a member of a different racial or ethnic group). Rosales-Lopez, 451 U.S. at 191-92. Therefore, under the circumstances of the instant case, where the defendant's request seems to be primarily premised on the fact that he is a black male and he expects the majority of the prospective jurors to be white, some sort of voir dire on the issue of race may be advisable, but it is certainly not required. United states v. Escobar-DeJesus, 187 F.3d 148, 165-66 (1st Cir. 1999); United States v. Brown, 938 F.3d 1482, 1485 (1st Cir. 1991).

If the Court determines that it would be advisable to inquire of the potential jurors as to racial bias, the government urges that the inquiry not be done by way of asking them to fill out the defendant's proposed questionnaire. First, the language of the questionnaire seems to exceed what is necessary to accomplish the goal of adequately inquiring about the existence of any racial bias or prejudice. Second, there is no reason why

the Court could not ask the potential jurors during the regular voir dire in open court whether they harbor any racial prejudice or bias and if so, would that prejudice or bias impact on their ability to be a fair and impartial juror. That method would satisfy any requirement that the Court inquire about potential racial bias or prejudice, while at the same time being more consistent with the type of questions the Court generally asks prospective jurors on the topics of prior drug abuse, strongly held positions about drugs and/or firearms, and any previous interactions with the criminal justice system.

With regard to the defendant's concerns that potential jurors would not provide truthful answers to a general question, the government apparently has more faith in the honesty and forthrightness of the potential jurors than the defendant. Furthermore, the Court could offer the potential jurors the option of providing an answer to the racial bias question at sidebar, as the Court often does when inquiring of the jurors about potentially sensitive topics. This would provide those jurors who felt uncomfortable addressing the issue in public with a private and more comfortable forum to fully express their views on this topic.

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that this Honorable Court deny the defendant's Motion to Allow Jury Questionnaire on Issue of Racial Bias.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney

### Certificate of Service

I hereby certify that on the 22nd day of September, 2005, a copy of the within Government's Memorandum was sent by facsimile transmission to Edward C. Roy, Assistant Federal Defender, 10 Weybosset Street, Suite 300, Providence, RI 02903 (fax no. 401-528-4285).