UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CR No. 05-11S |
| | : |
| ANTHONY LIPSCOMB | : |

**MEMORANDUM AND ORDER**

Before this Court is Defendant's Motion to Allow Jury Questionnaire on Issue of Racial Bias (Document No. 56). This Motion has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); Local R. 32(b). A hearing was held on September 22, 2005. The matter is scheduled for a second jury empanelment on September 27, 2005. After reviewing the parties' memoranda, listening to the arguments of counsel, and performing independent research, this Court GRANTS Defendant's Motion based solely on the unusual and specific facts involving this particular Defendant.

Under Fed. R. Crim. P. 24(a)(2), the Court has the discretion to examine potential jurors, including through the use of a written questionnaire, in order to assemble a fair and impartial jury. In nearly all civil and criminal cases, the process of oral voir dire examination by the Court and the mechanism of challenges, both for cause and peremptory, are more than sufficient to assemble a fair and impartial jury. Although juror questionnaires are appropriate in very limited circumstances, such as cases involving substantial pretrial publicity, they are not warranted, or in fact necessary, to

assemble a fair and impartial jury in nearly all civil and criminal cases passing through this Court – even criminal cases such as this, involving a defendant in a racial or ethnic minority group.[1]

This case is different for two unique reasons. First, a jury was originally empaneled in this case on August 2, 2005 without any irregularity and following the typical empanelment process utilized in this District. This process included voir dire examination by the Court and an opportunity for both sides to submit proposed voir dire to the Court. On August 3, 2005 (the first day of trial), the jury panel was dismissed by District Judge Smith based on concerns that one of the jurors had potentially made a racially biased remark against Defendant to a fellow juror prior to the start of the trial on that morning. Since this Court is not privy to the actual comments made, it cannot find that there was any actual bias on the part of the juror and need not make that finding in ruling on this Motion. However, because Judge Smith dismissed the jury panel, this Court assumes that he believed that there was, at a minimum, a potential for racial bias and prejudice to Defendant.

Second, based on these specific circumstances, this particular Defendant may lack complete confidence in the voir dire process. Although this Court is fully confident that the voir dire and challenge process is sufficient to root out potential biases and produces a fair and impartial jury, it understands that it would not be unreasonable under these particular circumstances for this particular Defendant to be less than fully confident in the jury selection process.

Thus, solely to restore Defendant's confidence and allay any concerns of Defendant in this unusual case, Defendant's Motion to Allow Jury Questionnaire on Issue of Racial Bias is GRANTED. Defendant submitted a proposed questionnaire. The Government generally objected

---

[1] In support of the Motion, Defendant's counsel submits the affidavit of a colleague, Assistant Federal Public Defender Catherine Byrne from the District of Massachusetts, who states that she has, in recent years, been granted leave in that District to use juror questionnaires on race in three criminal cases involving minority defendants.

to the use of the questionnaire but did not specifically comment on its content. After reviewing Defendant's proposed questionnaire, this Court finds it to be appropriate with three exceptions. The introductory sentence to the first question which begins with "You have no legal obligation..." is redundant and unnecessary and shall be removed. This Court also determines that the two questions themselves shall be revised as follows:

> 1. Do you have any feelings or opinions about black people, either positive or negative, that would affect in any way your ability to fairly and impartially evaluate the evidence in this case involving a black defendant?
>
> 2. Do you believe that a black person is more likely to commit a crime than persons of other races?

Defendant's counsel shall submit a revised questionnaire to the Court and the Court's Jury Administrator as soon as possible, but no later than noon on Monday, September 26, 2005.

## Conclusion

For the foregoing narrow reasons and subject to the required revisions, Defendant's Motion to Allow Jury Questionnaire on Issue of Racial Bias (Document No. 56) is GRANTED.

*[signature]*

LINCOLN D. ALMOND
United States Magistrate Judge
September 23, 2005