UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 05-11S |
| | : | |
| ANTHONY LIPSCOMB | : | |

**MEMORANDUM AND ORDER**

Before this Court is Defendant's Motion for Disclosure filed on September 12, 2005. (Document No. 55). This Motion has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); Local R. 32(b). A hearing was held on September 22, 2005. The matter is scheduled for trial on October 3, 2005. For the reasons discussed below, Defendant's Motion is DENIED.

Defendant moves for disclosure of the following three pieces of information in advance of trial:

1. The name, address, phone number and any other written information pertaining to the person or company that towed the defendant's Jaguar motor vehicle from the area where he was arrested on December 30, 2004.

2. Copies of any and all surveillance logs or notes relating to any surveillance of the defendant by members of the Providence Police Department from July, 2004 through December, 2004.

3. Any allegations of racial bias or complaints or racially-based complaints against Providence Police Detectives Scott Partridge or Joseph Colanduono.

The Government has satisfied the first two requests and thus only the third request remains in dispute. Defendant argues that disclosure is required under Brady v. Maryland, 373 U.S. 83 (1963). The Government contends that disclosure of any complaints or allegations of racial bias is

not constitutionally mandated by Brady, and such evidence would not be admissible at trial in any event.

In response to the Government's claim that Defendant is on a fishing expedition, Defendant points to his apparently uncorroborated testimony at the suppression hearing held on April 13, 2005 that one of the police officers made a racially offensive comment to him at the time of his arrest. Defendant, however, offers no explanation as to why his request for disclosure was filed months after both the initial deadline for filing pretrial motions in this case (February 28, 2005) and the suppression hearing itself.

Defendant seeks disclosure of allegations/complaints of racial bias as opposed to evidence of any actual findings of such bias. When evidence that may be relevant for impeachment purposes will not be admissible at trial, Brady does not require the Government to disclose that information to Defendant. United States v. Silva, 71 F.3d 667, 670-71 (7th Cir. 1995).

Evidence, if any, of allegations/complaints of racial bias against a police officer witness does not directly go to the issue of "character for truthfulness or untruthfulness" and thus would not typically be admissible under Fed. R. Evid. 608 – particularly when there is an attempt to prove specific instances through extrinsic evidence. Furthermore, the very weak probative value of evidence of such allegations/complaints, if any, would clearly be outweighed "by the danger of unfair prejudice, confusion of the issues, or misleading the jury" and "by considerations of undue delay [or] waste of time." Fed. R. Evid. 403. Defendant's attempted reliance on United States v. Abel, 469 U.S. 45 (1984), is misplaced since that case is factually distinguishable. The Abel case did not involve impeachment through the use of prior bias allegations/complaints. Rather, it involved impeachment of a defense witness based on the witness' membership in the same prison gang as the

Defendant. Since the probative value of an established fact is greater than the probative value of an allegation/complaint, the balance struck in Abel under Fed. R. Evid. 403 is simply not controlling in this case.

Accordingly, Defendant's Motion for Disclosure (Document No. 55) is DENIED both as untimely and on the merits.

LINCOLN D. ALMOND
United States Magistrate Judge
September 27, 2005