UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR. No. 05-011 S

ANTHONY LIPSCOMB :

**MOTION IN LIMINE**

NOW comes the defendant, Anthony Lipscomb, and moves, *in limine*, to exclude any reference to the money that was seized from the defendant at Roger Williams Hospital on December 30, 2004. In support of this motion, the defendant states that the cash seized from him is not relevant to the three charges before the Court. Defendant also incorporates by reference the attached Memorandum of Law.

ANTHONY LIPSCOMB,
BY HIS ATTORNEY,

EDWARD C. ROY, ESQUIRE
ASS'T. FEDERAL PUBLIC DEFENDER
10 WEYBOSSET STREET, SUITE 300
PROVIDENCE, RI 02903
( 401 ) 528 - 4281

**CERTIFICATON**

I hereby certify that I hand-delivered a copy of the within to Stephen Dambruch, AUSA on the 27th day of September, 2005.

______________________________

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR. No. 05-011 S

ANTHONY LIPSCOMB :

**MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE**

The defendant, Anthony Lipscomb, has moved, *in limine*, to exclude any refernce to the money that was seized from the defendant at Roger Williams Hospital on December 30, 2004. In support of this motion, the defendant states that the cash seized from him is not relevant to the three charges before the Court.

The three counts charged in the indictment are one count of possession with intent to distribute cocaine base, one count of possession of a firearm in furtherance of a drug trafficking offense and one count of being a felon in possession of a firearm. The only possible connection with the case would be an assertion that $1,400 in cash would support the charge of possession of cocaine base with intent to distribute. In this case, however, there is no evidence that the defendant derived that sum of cash from drug sales.

Under the provisions of Rule 404(b), evidence of other crimes is admissible for limited purposes. In this case, however, the Government has not given the defendant notice that it seeks to introduce the cash as 404(b) evidence. Under Rule 403 of the Federal Evidence, relevant evidence may be excluded if its probative value is outweighed by its potential prejudicial effect. In this case, cash in the sum of $1,400, without being specifically linked to the sales of drugs, is prejudicial and only minimally relevant.

For these reasons, the defendant moves to exclude any reference to the $1,400 which was seized from the defendant on December 30, 2005 at Roger Williams Hospital in Providence.

ANTHONY LIPSCOMB,
BY HIS ATTORNEY,

EDWARD C. ROY, ESQUIRE
ASS'T. FEDERAL PUBLIC DEFENDER
10 WEYBOSSET STREET, SUITE 300
PROVIDENCE, RI 02903
( 401 ) 528 - 4281

**CERTIFICATON**

I hereby certify that I hand-delivered a copy of the within to Stephen Dambruch, AUSA on the 27th day of September, 2005.

______________________________