**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 05-011S** |
| | : | |
| **ANTHONY LIPSCOMB** | : | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION TO SEVER COUNTS**

Now comes the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Stephen G. Dambruch, Assistant United States Attorney, and hereby objects to defendant's Motion to Sever Counts. The grounds for the government's objection are set forth in the accompanying memorandum of law.

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney

## Certificate of Service

I hereby certify that on the 30th day of September, 2005, a copy of the within Government's Objection was sent by facsimile transmission to Edward C. Roy, Assistant Federal Defender, 10 Weybosset Street, Suite 300, Providence, RI 02903 (fax no. 401-528-4285).

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 05-011S** |
| | : | |
| **ANTHONY LIPSCOMB** | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT'S MOTION TO SEVER COUNTS**

## INTRODUCTION

The defendant contends that the Court should sever Count III, which charges the defendant with being a felon in possession of a firearm, from the remaining two counts of the indictment. In support of that request, the defendant argues that severance is required in order to avoid the possibility that the jury would be prejudiced by learning that the defendant had been convicted of "some sort of felony." The defendant's claim is both untimely and without merit.

## ARGUMENT

The Court may order separate trials of counts if the joinder of offenses in an indictment appears to prejudice the defendant. Fed.R.Crim.P. 14(a). Although the grant or denial of a motion to sever is within the sound discretion of the Court, severance is only warranted upon a strong showing of prejudice. United States v. Porter, 764 F.2d 1, 12 (1st Cir. 1985). Therefore, the

defendant's burden is an exacting one, requiring more than a showing of the type of prejudice which necessarily inheres whenever multiple charges are tried together. United States v. Martinez, 922 F.2d 914, 922 (1st Cir. 1991); United States v. Walker; 706 F.2d 28, 30 (1st Cir. 1983). The defendant also cannot meet that burden by relying on speculative allegations of possible prejudice or a claim that he would have a better chance of acquittal with separate trials. Martinez, 479 F.2d 824, 828 (1st Cir. 1973); Porter, 764 F.2d at 13.

Here, the defendant attempts to satisfy his burden by arguing that some potential prejudice may arise as a result of the introduction of evidence relating to the defendant's prior felony conviction, which is an element of the third count of the indictment. That argument fails, however, based upon both the fact that the felon in possession charge arises out of the same incident as the other charges and the fact that any potential prejudice will be substantially limited through the use of a stipulation regarding the defendant's status as a prior convicted felon. United States v. Rose, 104 F.3d 1408, 1416 (1st Cir. 1997); United States v. Sanford, 301 F.Supp.2d 36, 38 (D. Maine 2004).

As well as failing to sustain his burden on the substantive merits of his severance request, the defendant also filed his motion in an untimely fashion. The deadline for the filing of

pretrial motions has long since passed in this case. Furthermore, the only recent development relating to Count III is the fact that the parties entered into a stipulation regarding the defendant's prior conviction, which, if anything, undercuts rather than supports the need to file a motion to sever.

**CONCLUSION**

For the reasons set forth above, the United States respectfully requests that this Honorable Court deny the defendant's Motion to Sever Counts.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney

Certificate of Service

I hereby certify that on the 30th day of September, 2005, a copy of the within Government's Memorandum was sent by facsimile transmission to Edward C. Roy, Assistant Federal Defender, 10 Weybosset Street, Suite 300, Providence, RI 02903 (fax no. 401-528-4285).