**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 05-011S** |
| | : | |
| **ANTHONY LIPSCOMB** | : | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION IN LIMINE**

Now comes the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Stephen G. Dambruch, Assistant United States Attorney, and hereby objects to defendant's Motion in Limine. The grounds for the government's objection are set forth in the accompanying memorandum of law.

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney

Certificate of Service

I hereby certify that on the 30th day of September, 2005, a copy of the within Government's Objection was sent by facsimile transmission to Edward C. Roy, Assistant Federal Defender, 10 Weybosset Street, Suite 300, Providence, RI 02903 (fax no. 401-528-4285).

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 05-011S** |
| | : | |
| **ANTHONY LIPSCOMB** | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT'S MOTION IN LIMINE**

## INTRODUCTION

The defendant contends that the Court should preclude the government from introducing any evidence about the police seizure of $1471 in United States currency from the defendant shortly after his arrest. In support of that request, the defendant argues that evidence of that seizure is not relevant to the charges set forth in the indictment. The defendant's claim is both untimely and without merit.

## ARGUMENT

Rule 402 of the Federal Rules of Evidence allows for the admission of all relevant evidence, which is defined in Rule 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." The threshold for relevance is, therefore, very low. United States v. Nason, 9 F.3d 155, 162 (1st Cir. 1993). In order to

exclude relevant evidence, the Court must find that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. Fed. R. Evid. 403.

In the instant case, the indictment alleges that the defendant possessed a quantity of cocaine base with the intent to distribute that controlled substance to others. Since the possession of large amounts of cash is probative of the intent to distribute narcotics, evidence of the defendant's possession of $1471 in United States currency at the time of his arrest would certainly be relevant. United States v. Ford, 22 F.3d 374, 383 (1st Cir. 1994). Large sums of cash are considered to be one of the tools of the drug distribution trade, therefore its possession is probative of the defendant's participation in the charged distribution related offense. United States v. Martinez, 938 F.2d 1078, 1083 (10th Cir. 1991).

With regard to the defendant's claim that the government has not produced any evidence that the defendant derived the $1471 from drug sales, the availability of such evidence is simply not a predicate to admissibility. Rather, the possibility that the seized cash was the product of lawful or some other illegal activity goes to the weight of the evidence, not its admissibility. United States v. Newton, 891 F.2d 944, 949 (1st Cir. 1989). Simply put, it is not necessary that every piece of

evidence admitted should be sufficient by itself to prove the crime alleged. United States v. Wood, 834 F.2d 1382, 1386 (8th Cir. 1991), *rev'd on other grounds*, United States v. Aguayo-Delgado, 220 F.3d 926 (8th Cir. 2000). Oftentimes, as is the case here, each individual fact fits into a larger evidentiary framework, which when viewed as a whole establishes the defendant's guilt.

In addition to his relevancy argument, the defendant also raises an issue with regard to the government's failure to provide him with notice that it seeks to introduce evidence relating to the cash seizure pursuant to Rule 404(b). First, the government does not rely on Rule 404(b) to justify the admission of this evidence, since the government alleges that the defendant's possessed the cash at the time he committed the offenses charged in the instant case, and not as part of the commission of any other crime. Secondly, even if the Court determines that Rule 404(b) is the proper vehicle for the admission of this evidence, the reporting requirement does not arise unless and until the accused requests notification, something the defendant did not do in this case.

As well as failing to sustain his burden on the substantive merits of his in limine request, the defendant also filed his motion in an untimely fashion. The deadline for the filing of pretrial motions has long since passed in this case.

Furthermore, there has been no recent development relating to the evidence that the defendant is now attempting to exclude.

**CONCLUSION**

For the reasons set forth above, the United States respectfully requests that this Honorable Court deny the defendant's Motion in Limine.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney

Certificate of Service

I hereby certify that on the 30th day of September, 2005, a copy of the within Government's Memorandum was sent by facsimile transmission to Edward C. Roy, Assistant Federal Defender, 10 Weybosset Street, Suite 300, Providence, RI 02903 (fax no. 401-528-4285).