United States District Court
For The District of Rhode Island

United States of America )
VS. ) CR No. 05-011S
Anthony Lipscomb )
Defendant )
)

**Motion For New Trial "on other grounds" due to Ineffective Assistance of Counsel**

Now comes the defendant, Anthony Lipscomb pro-se after his conviction on October 5th, 2005 of (3) counts. (1) Possession of cocaine base with intent to distribute (2) Possession of a firearm in furtherance of a drug trafficking crime and (3) being a felon in possession of a firearm. moves this honorable court under STRICKLAND VS. Washington 466 U.S. 668, 687 (1984) "the purpose of the effective assistance guarentee of the Sixth Amendment is.... to ensure that criminal defendants recieve a fair trial." Id. at 689. The defendants counsel Edward C. Roy failed to interview and call as a witness in the defendants favor an expert witness under Fed. rule 3006 A to varify the potential intake of cocaine base which was mentioned in the proceedings but never acted upon or successful. I believe that testimony would of gave the jurors a first hand perspective

of how much cocaine a person can use in a day. The best expert witness in my view would be another person who abused the drug.

Counsel also failed to object or question juror number 12 (Marie Paul) when she was caught sleeping through the proceedings where the court marshal had to call on the alternate juror #1 (Kristine Boavida) to awaken her.

Pavel v. Hollins, 261 F.3d 210, 228 (2d Cir. 2001) counsels failure to prepare defense and call witnesses prejudiced defendant, especially in light of weakness of prosecution's case) (counsel's failure to prepare a defense, call important fact witness and call medical expert amounted to deficient performance) Carter v. Bell, 218 F.3d 581, 596 (6th Cir. 2000) (counsel's failure to conduct an independent investigation into mitigating evidence was ineffective assistance despite petitioners reluctance to present such a defense). Burdine v. Johnson, 262 F.3d 336, 349 (5th Cir. 2001) (prejudice presumed where counsel was asleep for a "**not insubstantial portion**" of defendant's trial) Counsel Also failed to re-cross the police officers when new Evidence of 'baseball gloves "arose in their testimonies. Edward Roy showed laxity in his cross examination of the officers in that regard which the prosecutor then capitalized **stating** 'corroboration" by the two officers. **ON** the other hand the prosecution violated

the Brady v. Maryland 373 U.S. 83, 87 (1963) In Brady, the prosecutor failed to disclose a confession obtained from one of the defendant's accomplices after the defendent requested such statements. Id at 84. Brady doctrine would also apply to guilty pleas when the plea is affected by the governments nondisclosure of evidence U.S. v. Avelliono, 136 F.3d 249, 255-58 (2d cir. 1997) Knowing and voluntary guilty plea subject to challenge if Brady violation occurs; governments obligation to disclose Brady material is pertinent to determination of whether or not to plead guilty)

The alleged gloves gave the government an unfair edge and presented no doubt in the jury's mind of possession.

Finally, the untimely submissions of the Motion in LIMINE and Motion to Sever Counts were prejudicial and ineffective assistance of counsel because the defendant never knew the opinion of the Motion in LIMINE which would of born another defense strategy to support the currency. The admittance of the currency supported the conviction of count one of intent to delivery. The defendant also asked counsel to petition the court for an extension for "other grounds and new evidence which was unsuccessful STRICKLAND, 466 U.S. 668, 692 (1984) Hernandez V. U.S. 202 F.3d 486, 489 (2d cir. 2000) (prejudice presumed where alleged ineffective assistance of counsel based on 'unexcused' failure to bring direct appeal from a

criminal conviction upon defendants request to do so")

For the reasons set forth above, the defendant prays this honorable court grants a new trial

Respectfully Submitted
Anthony Lipscomb
Pro Se
[signature]
950 High St
Central Falls, RI
02863

I hereby certify that I mailed a copy of this motion to the Clerk of the District Court in Rhode Island on October 14, 2005

[signature]