United STATES District Court
For The District of Rhode Island

United States of America )
vs. ) CR No. 05-011S
Anthony LIPSCOMB )
Defendant )
)

MOTION FOR New TRIAL "on other grounds"
due to Ineffective Assistance of Counsel

Now comes the defendant, Anthony Lipscomb pro-se after his jury trial conviction on October 5th 2005 of (3) Counts, Possession of cocaine base with intent to distribute, Possession of a firearm in furtherance of a drug trafficking crime and being a felon in possession of a firearm, moves this honorable court under STRICKLAND vs. WASHington 466 U.S. 668, 687 (1984) "the purpose of the effective assistance guarantee of the Sixth Amendment is... to ensure that criminal defendants recieve a fair trial" Id. at 689

The defendants counsel, Assistant Federal Defender Edward C. Roy failed to interview and call as a witness in the defendants favor an expert witness under Federal Rule 3006 A to varify the daily intake of cocaine base which was mentioned in the trial proceedings on October 3rd and 4th. It was never acted upon effectively. Pavel v. Hollins 261 F.3d 210, 228 (2d cir 2001) counsels failure to prepare

a defense, call important fact witnesses and call medical expert amounted to deficient performance) Carter v. Bell, 218 F. 3d 581, 596 (6th cir 2000) counsels failure to conduct an independent investigation into mitigating evidence was ineffective assistance despite petitioners reluctance to present such a defense) I believe that testimony would of gave jurors a first hand perspective of how much cocaine a person can use in a day, The best expert witness would be another person who also abused the drug.

Counsel also failed to object to or question juror number 12 (Marie Paul) when she was caught Sleeping through the trial. The court marshal had to call upon the alternate juror number one (Kristine Boavida) to wake her. Burdine v. Johnson, 262 F. 3d 336, 349 (5th cir. 2001) (Prejudice presumed where counsel was asleep for a "not insubstantial portion" of defendants trial)

The defense counsel also failed to re-cross the two police officers and object to the seemingly new evidence of "baseball gloves worn by the defendants" allegedly in their testimonies. (Partridge & Calandrono) Edward C. Roy showed laxity in his brief cross examination of the officers who testified. The prosecution then in his closing arguments capitalized on the two officers new statements stating 'corroboration' which is also a violation of the Brady V. Maryland 373 U.S. 83, 87 (1963) IN Brady, the prosecutor

failed to disclose a confession obtained from one of the defendants accomplices after the defendant requested such statements. Id. at 84 Brady doctrine would also apply to guilty pleas when the plea is affected by the governments nondisclosure of evidence U.S. v. Avelliono, 136 F.3d 249, 255-58 (2d cir.'97) Knowing and voluntary guilty plea subject to challenge if Brady violation occurs; governments obligation to disclose Brady material is pertinent to determination of whether or not to plead guilty)

The alleged baseball gloves gave the government an unfair edge and presented no doubt in the jury's mind of possession.

Finally, the untimely submissions of the Motion In Limine of the $1400 and MOTION TO SEVER Counts were also ineffectiveness because the defendant was never informed of the opinion to the MOTION IN LIMINE which would of born a strategy to support the currency which supported the conviction of count one of intent to deliver.

The defendant also asked counsel to petition the court for an extension for "other grounds" and new evidence which was unsuccessful. STRICKland 466 U.S. 668, 692 (1984) Hernandez v. U.S., 202 F.3d 486, 489 (2d cir. 2000) (Prejudice presumed where alleged ineffective assistance of counsel based on

"unexcused failure to bring direct appeal from a criminal conviction upon defendants direction to do so")

Respectfully Submitted
Anthony Lipscomb
Pro-Se

For the reasons set forth above, the defendant prays that this honorable court grants him a new trial

950 High St
Central Falls, R.I.
02863

I hereby certify that I mailed a copy of this motion to Judge Smith on October 14, 2005

2005 OCT 17 A 11:48
FILED