**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 05-011S** |
| | : | |
| **ANTHONY LIPSCOMB** | : | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION FOR NEW TRIAL**

Now comes the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Stephen G. Dambruch, Assistant United States Attorney, and hereby objects to defendant's Motion for New Trial. The grounds for the government's objection are set forth in the accompanying memorandum of law.

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney

Certificate of Service

I hereby certify that on the 2nd day of November, 2005, a copy of the within Government's Objection was mailed, postage prepaid to Anthony Lipscomb, Wyatt Detention Center, 950 High Street, Central Falls, RI 02863.

[signature]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 05-011S |
| | : | |
| ANTHONY LIPSCOMB | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT'S MOTION FOR NEW TRIAL**

## Introduction

On October 5, 2005, a jury found the defendant guilty of all three counts of the indictment. The Court then scheduled this matter for sentencing on January 20, 2006. The defendant subsequently filed a pro se Motion for New Trial, alleging that his defense counsel had not provided him with effective assistance during his trial. In response to that motion, defense counsel filed a motion to withdraw as the attorney for the defendant, which the Court granted on October 28, 2005. The Court has now referred this matter to a magistrate judge for a determination as to the defendant's legal representation.

The defendant's claims of ineffective assistance are entirely without merit. The government is, therefore, requesting that the Court deny his motion and sentence the defendant on January 20, 2006.

**Argument**

A new trial is rarely granted and only warranted when there has been a miscarriage of justice and where the evidence preponderates heavily against the verdict. United States v. Gonzalez-Gonzalez, 136 F.3d 6, 12 (1st Cir. 1998); United States v. Leach, 427 F.2d 1107, 1111 (1st Cir. 1970). The Court, in evaluating the merits of a new trial motion, may consider both the weight of the evidence and the credibility of witnesses, but should only order a new trial if it is clear that the jury reached a seriously erroneous result. United States v. Ruiz, 105 F.3d 1492, 1501 (1st Cir. 1997).

Here, the defendant argues that defense counsel's failure to provide him with effective representation justifies the granting of a new trial. Although the Court is not prohibited from considering an ineffective assistance of counsel claim when deciding a motion for new trial, generally it requires an independent factual inquiry into the merits of the claim, preferably in the form of an evidentiary hearing in a collateral matter. United States v. Wilkerson, 251 F.3d 273, 278-79 (1st Cir. 2001).

If, however, the Court decides to consider the ineffective assistance claim at this time, the Court may grant the defendant's motion only if the Court finds that the defendant has satisfied a two-pronged test. That test requires the defendant

both to show that his counsel's performance fell below an objective standard of reasonableness and to affirmatively prove prejudice, that is, that there was a reasonable probability that, but for counsel's inadequate representation, the result of the trial would have been different. Strickland v. Washington, 466 U.S. 668, 687, 693-94 (1984).

When scrutinizing counsel's performance in relation to the first prong of the test, the Court must be highly deferential and leave ample room for variations in professional judgement. Castillo v. Matesanz, 348 F.3d 1, 11 (1st Cir. 2003). The Court should eliminate the distorting effects of hindsight and evaluate the challenged conduct of counsel from the defense attorney's perspective at the time. Strickland, 466 U.S. at 689.

In the instant case, the defendant's trial attorney, Assistant Federal Defender Edward C. Roy, was an experienced criminal defense attorney, whose performance substantially exceeded any objective standard of reasonableness. He aggressively represented the defendant's interests both during the pretrial phase of the proceedings and at trial; filing and litigating multiple pretrial motions, effectively cross-examining government witnesses both at a pretrial suppression hearing and at trial, and making numerous evidentiary objections during the trial.

At best, the complaints set forth in the defendant's motion

constitute disagreements with strategic decisions made by the defense team during trial. For example, the defendant complains about his counsel's failure to call certain witnesses, a decision that is almost always strategic in nature. Lema v. United States, 987 f.2d 48, 54 (1st Cir. 1993). Disputed trial strategies, even those that ultimately prove to be unsuccssful, do not, however, equate to ineffective assistance of counsel. Matthews v. Rakiey, 54 F.3d 908, 926 (1st Cir. 1995).

Furthermore, even if the defendant demonstrated that defense counsel's performance was deficient, defendant has failed to establish that absent counsel's alleged errors the result would have been different. A review of the evidence reveals that the jury had more than a sufficient basis to find the defendant guilty. The combination of the observations made by Providence Police Detectives Joseph Colanduono, Scott Partridge, and Sarkis Zeitountzian and the physical evidence seized by those same officers strongly supports the jury's guilty verdicts and weighs heavily against the defendant's claim.

The record of the proceedings in the instant case simply does not support a finding that a new trial is necessary to avoid a miscarriage of justice. In fact, it leads to just the opposite conclusion, that is, that the defendant received a fair trial that resulted in a just verdict. Therefore, the Court should reject the defendant's allegations of ineffectiveness and deny

his motion for new trial.

**Conclusion**

For the reasons set forth above, the United States respectfully requests that this Honorable Court deny the defendant's Motion for New Trial.

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney

Certificate of Service

I hereby certify that on the 2nd day of November, 2005, a copy of the within Government's Objection was mailed, postage prepaid to Anthony Lipscomb, Wyatt Detention Center, 950 High Street, Central Falls, RI 02863.