UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED

UNITED STATES OF AMERICA )
V. )
ANTHONY LIPSCOMB )

CR. No.05-011S

## DEFENDANT'S RECONSIDERATION MOTION FOR NEW TRIAL

Now comes the defendant,Anthony Lipscomb,pro-se,in motion for reconsideration. The defendant request an evidentiary hearing or a new trial based on numerous 6th Amendment and 1st Amendment violations against the petitioner. The defendant also ask the Court to excuse the possible tardiness of this motion. The grounds for the request are set forth in the accompanying memorandum of law with affidavits and exhibits.

1) The petitioner's 6th Amendment right's were violated when the Court refused to view the pre-trial motion for conflict of interest and ineffective assistance of counsel that was submitted March 3,2005.

2) The defendant argues his 6th Amendment right to a public trial was violated when the court room was closed during a portion of his trial ,which is also a structural error.

3) The defendant's 6th Amendment right was violated due to ineffective assistance of counsel of counsel.

Respectfully submitted,
Anthony Lipscomb, pro-se
Defendant

3 copies

A copy of the reconsideration argument has been sent to the clerk of the United States District Court of Rhode Island on 2nd day of December 2005

50 Kennedy Plaza, Providence, Rhode Island 02903

Fleet Center

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA )
V. )
ANTHONY LIPSCOMB )
)

CR. No.05-011S

DEFENDANT'S MEMORANDUM in Support

to Reconsider

On October 5,2005 a jury found the defendant guilty of all three counts of the indictment. The defendant then submitted a pro-se motion for a new trial based on ineffective assistance of counsel which was denied without an opinion on November 4,2005. In response to the defendant's motion,counsel Edward Roy filed a motion to withdraw which the Court granted on October 28,2005. The defendant now awaits appointed counsel.

The defendant's claims are substantial and warrants an inquiry. The defendant prays the Court grants a new trial and refuse to sentence him on January 20,2006

(Appeal allowed because tardiness resulted from circumstances beyond appellant's resonable control and not from mere lack of awareness or understanding of law) Cannibus Action Inc. v. City of Gainsville,231 F.3d 761,769(11th cir.2000) It would be unreasonable to require more from a pro-se prisoner. Lema v. United States,987 F.2d 48,54n.5 (1st cir.1993);cf Haines Kerner,404 U.S. 519,520-521 92 S.Ct. 594,30 L.Ed.2d 652 (1972)(per curiam) (holding pro-se complaints to less stringent standards than pleadings drafted by counsel). First,the defendant was not sure how to respond to the denial of the motion for a new trial being that it lacked an opinion. Also,Donald W.Wyatt facilitys' counselor Jim Ogara was absent for nearly two weeks which delayed the process to obtain copies of exhibits. Collecting information from the public is also very challenging being that I am incarcerated and a pro-se petitioner.The barred citizen's were also potential witness's and associate to the defendant.(Plain error "requires not only an error affecting substantial right's, but also finding by the reviewing Court that the error has "seriously" affected the fairness,integrity or public reputation of judicial proceeding's. United States v. Grandia Maysonet,227 F.3d 1,5(1st cir.'00

Exhibit A2 is a copy of the defendant's motion to the Court dated March 3,2005 (court's failure to inquire into potential conflict of interest after being notified by defendant merited automatic reversal of conviction) Bass v.U.S.,580 A2d 669 (D.C. App.1990)U.S.v.Jiang,140 F.3d 124(2nd cir.1998)

The defendant and trial court's conflict began when Edward C. Roy refused to inform the Court of the petitioner's four day detention in the Providence police station without a warrant or indictment.It also stemmed from Mr.Roy's neglect to interview and investigate key witnesses stating "he is not going to lose his job for you" in regards to a public official who was a witness to the law enforcement misconduct and illegal activity.This conflict also derived from a complaint the defendant submitted to the Supreme Court in Rhode Island against

his long time friend and colleague which was my private attorney for this court case in the state jurisdiction. Edward Roy informed the defendant in a meeting in the Federal Court bldg. on or about January 20,2005 that they were very good friends. After being informed of the complaint Edward Roy seemed to be uneasy and irritated with the defendant and decided to cut pre-trial and trial strategy meetings off and communicate via mail which was very uncomfortable and alarming. Exhibit B is a copy of counsel's letter to defendant terminating contact meetings. Mr. Roy also failed to investigate my first two motions to the Court challenging the Grand Jurys assemblence dated February 18,2005which was denied because it was not filed by counsel.(right to conflict free counsel representation derives from the Sixth Amendment <u>Garcia v. Bunnell</u>,33F.3d 1193(9th cir.'94)

The government may argue every lawerly slip doesn't constitute ineffective assistance of counsel for the 6th Amendment <u>Strickland</u>,466 U.S. at 693 104 S.Ct.

While assistant U.S. attorney Steven Dambruch argues that the defendants trial attorney Edward Roy was an experienced criminal attorney(3 gov't objection) Mr.Roy specifically told the defendant he had no experienced trying a narcotics case. That statement from Mr. Roy was very alarming. With counsel's intended trial strategy of disproving intent to distribute he chose the "use" of the narcotic approach.Counsel informed the defendant that he was going to interview recovering addicts before and during trial,but failed to do so which is also on record.(trial records unavailable, have yet to be sentenced) Absent counsels' error the result of the trial would of been different. Instead of a conviction of possession with intent to distribute the jury would of moved to the lesser offense of simple possession. If argument applied, the date of arrest of the defendant was December 30 2004 on a Thursday. New Years eve is a day away and it is a fact that

people intend to party and abuse narcotics more than they usually do on weekends and holiday's. Officer Partridge testified on October 3,2005 from his experience as an officer and investigating narcotic offenses a person can use 5-10 grams of cocaine a day. If trial counsel would of applied Partridges'testimony of a (10)ten gram a day use for three day's instead of 5 grams a day for a week's consumption which trial counsel relied on in his closing argument,the result of count one would of been an aquittal.(see Oct.5 transcript)

It is plausible for someone to use ten or more grams of cocaine a day or just simply possessing it without the intent to distribute. Officer Colanduono and Partridge never admitted to a personal use of cocaine to varify how much a person can use a day. Their testimonies of how much cocaine someone can use was based on hearsay.

Simply relying on adversarial testimony is not strategic being that there are rehabilitation centers of narcotics in Rhode Island where narcotic abuser's can be interviewed. Pavel v.Hollins,261 F.3d 210,228(2nd cir. 2001) counsel's failure to prepare defense,call important fact witnesses and call medical expert amounted to deficient performance.U.S.v. Gray 878 F.2d 3d cir. 189)All which holds that a lawyer's failure to investigate a potential defense constitutes ineffective assistance of counsel. Thus satisfying the 2nd prong of **Strickland.**"The defendant must show that the deficient performance prejudiced the defense. This requires showing that counsels error were so serious as to deprive the defendant of a fair trial,a trial whose result is reliable."**Strickland,466 U.S.at 687,104 S.Ct.at 2064,80 L.Ed.2d at 693.**Count one of possession of intent to distribute would of resulted in an aquittal.

For the reasons set forth above, the defendant respectfully request the reconsideration relief be granted.

Defendant

Anthony lipscomb,pro-se

to communicate with you through the mail in view of your comments made at Wyatt yesterday. Please forward to me any witnesses of whom you are aware and any questions or suggestions and I will respond accordingly.

Thank you.

Very truly yours,

EDWARD C. ROY, ESQUIRE
ASSISTANT FEDERAL PUBLIC DEFENDER

ECR/slc