UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 05-011S |
| | : | |
| ANTHONY LIPSCOMB | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Defendant Anthony Lipscomb ("Defendant") was tried before a jury in this Court on charges of possession of cocaine base with intent to distribute, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a convicted felon. District Judge Smith presided over the trial on October 3, 4 and 5, 2005. On October 5, 2005, the jury found Defendant guilty on all three charges. Presently before this Court is Defendant's Reconsideration Motion for New Trial filed *pro se* by Defendant on December 5, 2005. (Document No. 84). This matter has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Cv 72(a). A hearing was held on February 27, 2006. After reviewing the memoranda submitted by the parties, considering their arguments at the hearing, and performing independent research, I recommend that Defendant's Reconsideration Motion for New Trial be DENIED.

**Facts and Travel**

Defendant initially appeared before this Court on January 18, 2005 on a criminal complaint dated January 14, 2005. Eight days later, on January 26, 2005, he was indicted by the Grand Jury on the three charges described above. (Document No. 7). On January 18, 2005, Assistant Federal

Public Defender Edward C. Roy, Jr. was appointed by the Court to represent Defendant and entered his appearance for Defendant. Mr. Roy remained Defendant's counsel through trial. On March 3, 2005, during Mr. Roy's representation, Defendant authored a *pro se* motion seeking the removal of Mr. Roy due to alleged "conflict of interest and ineffective counsel." Although the document uses the term "motion to withdraw" and Mr. Roy's name is typed on the closing line of the Motion, Mr. Roy did not sign the motion and the movant is actually Defendant and not Mr. Roy. Thus, rather than a motion to withdraw, the motion is more appropriately considered a motion for new appointed counsel.

Defendant likely mailed his motion on March 3, 2005 as the envelopes (Def. Exs. A and B) are postmarked March 4, 2005; however, Defendant's motion did not appear in the Court's file until December 5, 2005. (Document No. 85). Defendant never made any inquiry to the Court about the status of his motion, and the substance of Defendant's motion failed to appear in any subsequent filing until it was referenced in Defendant's *pro se* Reconsideration Motion for New Trial, also filed on December 5, 2005. (Document No. 84). Defendant's case proceeded to trial with Mr. Roy as defense counsel.

Following the trial and guilty verdicts, Defendant filed *pro se* motions for a new trial, alleging ineffective assistance of counsel by Mr. Roy. (Document Nos. 75 and 76). In view of Defendant's ineffective assistance claim, Mr. Roy filed a motion to withdraw as Defendant's attorney on October 20, 2005, which the Court granted on October 28, 2005. (Document No. 78). On November 4, 2005, Judge Smith denied Defendant's motions for a new trial "[a]fter careful consideration." (Document No. 81). On November 10, 2005, this Court appointed Attorney George

J. West as Defendant's new counsel. (Document No. 82). Mr. West entered his appearance on Defendant's behalf on November 15, 2005. (Document No. 83).

In support of his contention that he should be granted a new trial, Defendant argues (1) that his Sixth Amendment right to counsel was violated when the Court refused his pretrial motion for conflict of interest and ineffective assistance of counsel; (2) that his Sixth Amendment right to a public trial was violated when an individual was denied access to the courtroom during closing arguments; and (3) that his Sixth Amendment right to effective assistance of counsel at trial was violated. For the following reasons, I recommend that the District Court DENY Defendant's Reconsideration Motion for New Trial. (Document No. 84).

## Discussion

### A. The March 3, 2005 Motion

Defendant's first argument is that he should be granted a new trial because the Court refused Defendant's pre-trial motion seeking the removal of Mr. Roy as his counsel for an alleged "conflict of interest and ineffective counsel." This argument is without merit. The following facts are undisputed. Defendant authored a motion on March 3, 2005 seeking the removal of Mr. Roy as his counsel. Defendant mailed his motion on March 4, 2005 to the "U.S. Clerks Office" but to the address of the United States Attorney's Office at the Fleet Center, 50 Kennedy Plaza, Providence, Rhode Island. (Def. Ex. B). Defendant also mailed his motion to Mr. Roy's office. (Def. Ex. A). Defendant's motion made its first appearance in the Court's file on December 5, 2005 (Document No. 85), the same day that Defendant's Reconsideration Motion for New Trial was filed. (Document

No. 84). Thus, the Court was not in receipt of Defendant's motion until December 5, 2005, two months after his trial concluded.[1]

Furthermore, after mailing his motion to the wrong address, Defendant failed to inquire of the Court as to its status. This was not because he was dissuaded from communicating with the Court or incapable of doing so. In fact, on July 25, 2005, Defendant himself wrote to the Court, requesting a continuance to further prepare for trial and indicating "[w]e need more investigation...." (Document No. 48). The letter does not reference the March 3, 2005 motion or any desire by Defendant to terminate his attorney-client relationship with Mr. Roy. Additionally, this Court observed Defendant display a working relationship with Mr. Roy in open court. (See Sept. 22, 2005 Pretrial Hearing before Magistrate Judge Almond on Defendant's Motion for Disclosure and Motion to Allow Jury Questionnaire). Having not received Defendant's motion and having not been given any indication by Defendant that he wanted to terminate his attorney-client relationship with Mr. Roy, the Court neither knew nor could have known of his dissatisfaction with Mr. Roy. Defendant's March 3, 2005 motion was not timely received by the Court because it was sent to the wrong address by Defendant. However, Defendant was successful in directly filing several other communications with the Court both before and after the March 3 motion. In addition to his July 25, 2005 request for continuance, Defendant directly filed a Motion to Dismiss Indictment with the Court on February

---

[1] This Court concludes that the motion dated March 3, 2005 and docketed on December 5, 2005 was not an independent document forwarded by an original recipient or a "lost" document actually received from Defendant months earlier. Defendant offered no proof that he mailed or otherwise actually delivered the motion to the Federal Courthouse, and this Court has no record of receiving the motion in that March time frame. Rather, the Court concludes that it was sent by Defendant as an attachment to his Reconsideration Motion for New Trial filed on December 5, 2005 and separately docketed in error. In fact, Defendant's Memorandum in Support to Reconsider references: "Exhibit A is a copy of the defendant's motion to the Court dated March 3, 2005...." (Def.'s Mem. at 1). The motion (Document No. 85) should not have been separately docketed but rather should have been docketed as an Exhibit to Document No. 84.

22, 2005, (Document No. 15), subsequent Motions to Dismiss on March 2, 2005, (Document Nos. 17 and 20), motions for new trial on October 17, 2005, (Document Nos. 75 and 76), and the instant Reconsideration Motion (Document No. 84).

**B. Denial of Public Trial**

Defendant's second argument is that he should be granted a new trial because the courtroom was closed during his trial. Once again, Defendant's argument lacks merit. Defendant relies solely on the statement dated December 5, 2005 of one individual who states that, after arriving late, he was unable to enter the courtroom to view closing arguments because the courtroom door was locked. (Def. Ex. C). Courtroom closures that are brief, inadvertent, and unnoticed by the trial participants are simply too trivial to rise to the level of a Sixth Amendment violation. See Peterson v. Williams, 85 F.3d 39, 43 (2nd Cir. 1996); United States v. Al-Smadi, 15 F.3d 153, 154 (10th Cir. 1994); and Snyder v. Coiner, 510 F.2d 224, 230 (4th Cir. 1975) ("There were no restriction placed on the defendant, his counsel, family or witnesses or even spectators then in the courtroom."). There is not even an allegation, let alone evidence, that the alleged closure in this case was noticed by the trial participants or that any restrictions were placed on those then in the courtroom. Furthermore, Defendant had presented his case at that point, and the individual was admittedly late to the proceeding. Further, the individual only asserts that he wanted to "attend" closing arguments and does not indicate that he was present to attempt to provide testimony on Defendant's behalf. This brief closure of the courtroom during closing arguments "was entirely too trivial to amount to a constitutional deprivation." Snyder, 510 F.2d at 230.

### C. Denial of Effective Assistance of Counsel

Finally, Defendant argues that he was denied effective assistance of counsel by Mr. Roy during the trial. This same argument was made in Defendant's first motions for new trial. (Document Nos. 75 and 76). Judge Smith denied these motions "[a]fter careful consideration." (Document No. 81). As the trial judge, Judge Smith is in a much better position to assess Defendant's ineffective assistance claim and did not find any basis to grant Defendant a new trial. Defendant's Reconsideration motion simply does not provide this Court with any sufficient basis to recommend that Judge Smith reconsider and reverse his prior conclusion denying a new trial to Defendant on these grounds.

Furthermore, a claim of ineffective assistance is typically raised in a collateral proceeding. See e.g., United States v. Wilkerson, 251 F.3d 273, 278-79 (1st Cir. 2001). Defendant's new counsel, Mr. West, apparently recognizes this fact and deliberately chose not to address this final argument at the February 27, 2006 hearing. Further, by letter dated February 9, 2006, Mr. West advised this Court that Defendant's general ineffective assistance claim is "properly raised in 28 U.S.C. § 2255 [collateral] proceedings," and expressed concern about preserving Defendant's ability to assert ineffective assistance on direct appeal after sentencing and in a 2255 petition. Since Defendant's counsel chose for strategic reasons not to address the ineffective assistance claim at the hearing and this Court does not have a sufficient record before it to resolve that issue, this Court makes no finding as to Defendant's ineffective assistance claim other than to find no basis on the current record to recommend reconsideration of the denial of a new trial to Defendant on those grounds.

**Conclusion**

For the foregoing reasons, I recommend that Defendant's Reconsideration Motion for New Trial (Document No. 84) be DENIED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1990).

LINCOLN D. ALMOND
United States Magistrate Judge
March 10, 2006