**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA** :
:
**v.** : **CR. No. 05-011S**
:
**ANTHONY LIPSCOMB** :

**GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION FOR RETURN OF PROPERTY**

Now comes the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Stephen G. Dambruch, Assistant United States Attorney, and hereby objects to defendant's Pro Se Motion for Return of Property. The grounds for the government's objection are set forth in the attached memorandum of law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Stephen G. Dambruch

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
RI Bar No. 3309
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
stephen.dambruch@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 31st day of October, 2006, a copy of the within Government's Objection was mailed, postage prepaid, to Anthony Lipscomb, Wyatt Detention Center, 950 High Street, Central Falls, RI 02863 and served by way of the Electronic Case Filing system upon George West, Esquire, One Turks Head Place, Suite 312, Providence, RI 02903 (Georgew180@aol.com).

/s/ Stephen G. Dambruch
STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
RI Bar No. 3309
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
stephen.dambruch@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 05-011S** |
| | : | |
| **ANTHONY LIPSCOMB** | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT'S MOTION FOR RETURN OF PROPERTY**

## INTRODUCTION

The defendant seeks the return of certain property seized from him by officers of the Providence Police Department incident to his arrest on December 31, 2004. Specifically, the defendant requests that the Court order the Providence Police Department to return a cellular telephone, $1,471.76 in United States currency and a Jaguar S-type automobile to him, alleging that the property was seized from him and never forfeited by the government. The defendant's claim is without merit.

## ARGUMENT

Rule 41(g) of the Federal Rules of Criminal Procedure allows for a person "aggrieved by an unlawful search and seizure of property or by the deprivation of property" to file a motion seeking the return of that property. Although a criminal defendant may have a right to the return of his property once it is no longer needed as evidence, the Court should deny a motion filed pursuant to Rule 41(g) motion if the defendant is not entitled to lawful possession of the seized property, the property is contraband or

subject to forfeiture, or the government has a continuing evidentiary need for the property. United States v. Dean, 100 F.3d 19, 20 (5th Cir. 1996); United States v. Mills, 991 F.2d 609, 612 (9th Cir. 1993).

Here, the defendant's restoration claim fails for multiple reasons. First off, the Court previously denied the defendant's motion challenging the legality of the seizure of all physical evidence seized by the Providence Police in relation to this case. Second, the United States currency and the Jaguar automobile are not only subject to forfeiture, but actually have been administratively forfeited by the State of Rhode Island pursuant to Rhode Island General Laws §§ 21-28-5.04 and 21-28-5.04.2 (see attached copy of Declaration of Forfeiture).[1] Finally, the cellular telephone referenced by the defendant in his motion was introduced and marked as a full exhibit during trial, thereby establishing its continuing evidentiary value during the pendency of the case before this Court and/or any resulting appeal of the defendant's conviction.[2]

---

[1] That forfeiture action also effectively terminated the defendant's right to the lawful possession of the property.

[2] A pending appeal is sufficient reason to deny this type of motion as premature, even when a defendant is seeking the return of materials that the government failed to introduce as exhibits at trial. United States v. Saunders, 957 F.2d 1488, 1495 (8th Cir. 1992).

**CONCLUSION**

For the reasons set forth above, the United States respectfully requests that this Honorable Court deny the defendant's Motion for Return of Property.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Stephen G. Dambruch

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
RI Bar No. 3309
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
stephen.dambruch@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of October, 2006, a copy of the within Government's Memorandum was sent by regular mail, postage prepaid, to Anthony Lipscomb, Wyatt Detention Center, 950 High Street, Central Falls, RI 02863 and served by way of the Electronic Case Filing system upon George West, Esquire, One Turks Head Place, Suite 312, Providence, RI 02903 (Georgew180@aol.com).

/s/ Stephen G. Dambruch

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
RI Bar No. 3309
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
stephen.dambruch@usdoj.gov