# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA }
v. } CR. No. 05-011S
ANTHONY LIPSCOMB }

## DEFENDANTS RESPONSE to Governments OBJECTION FOR RETURN OF PROPERTY

## Synopsis

The defendant submitted a request for return of property on Oct. 26, 2006 and subsequently objected to by the government on the 31st of Oct. 2006. The property in question is a cellular telephone, $1,471.76 and a vehicle that was seized by the Providence Police Dept. On Dec. 30, 2004. The gov't. objection is inconsistent with the facts.

## Response

The governments objection to the rule 41(e) is bare because there were no claims of ownership by virtue of forfeiture or otherwise in a timely manner. 18 U.S.C. § 983 (a)(3)(A)

Furthermore, there was no evidence that the vehicle and U.S. currency was illegally obtained. They were not admitted into evidence

notice of forfeiture that is required by law.

The government also refers to the denial of the defendants suppression motion stating the defendant challenged all physical evidence. The only evidence challenged at that time was the firearm and the narcotic. (March 7 motion to suppress)

Existing statutes do not discriminate between grounds which may support a motion for return of seized items.

Also in its objection the government supplied a copy of the states administrative declaration pursuant to R.I.G.L. § 21-28-4.01(A)

That statute also states the attorney general has to provide notice to all known parties of interest which was never received by the defendant or supported by evidence besides newspaper dates in the declaration. R.I.G.L § 21-28-5 also provides that the state transfer all evidence to the prosecuting jurisdiction. The states alleged forfeiture claim was premature because there were no preliminary hearings challenging the legality of a seizure in the state courts or the Federal at that matter being that the newspaper notice started on March 4, 2005 and eventually being dismissed.

For All the reasons above the