**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 05-011S** |
| | : | |
| **ANTHONY LIPSCOMB** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

## Introduction

The defendant submitted a sentencing memorandum to the Court on January 18, 2006 raising several issues relating to the 21 U.S.C. § 851, challenging both the constitutionality of the statute itself and its application in this specific case. He also argued against the general appropriateness of mandatory minimum sentences and in favor of the Court's imposition of a sentence below the guideline range based upon the factors set forth in 18 U.S.C. § 3553. The defendant's constitutional claims and arguments in favor of mitigation are entirely without merit. The government is, therefore, requesting that the Court deny the relief requested by defendant and impose a sentence within the guideline range, which in this case would be a total of between 195 to 228 months.

## Facts and Travel

On January 26, 2005, a federal grand jury returned a three count indictment against the defendant, charging him with

possessing with intent to deliver more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1)(B), possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c), and, possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). Approximately three weeks later, the government filed an information pursuant to 21 U.S.C. § 851 notifying the Court and the defendant of its intention to seek an enhanced penalty based upon the fact that the defendant had previously been convicted of two state felony drug offenses (a certified copy of the certificate of conviction was attached to the information). A federal trial jury subsequently convicted the defendant of all three counts of the indictment on October 5, 2005. The matter is now scheduled for the continuation of the defendant's sentencing hearing on February 1, 2007 (that hearing began on January 19, 2007).

**Argument**

The defendant's challenge to the statutory scheme requiring the imposition of minimum mandatory sentences for certain narcotics related offenses is without any merit. Congress clearly has the power to define criminal offenses and to determine punishments, and may, in the exercise of that authority, choose to legislate minimum mandatory penalties,

thereby depriving the judicial branch of any sentencing discretion whatsoever. Chapman v. United States, 500 U.S. 453, 467 (1991).

Furthermore, the fact that this statutory scheme also provides prosecutors with the authority to exercise some discretion regarding a defendant's eligibility for an enhanced minimum mandatory penalty also presents no constitutional or other concerns. United States v. Jensen, 425 F.3d 698, 707 (9th Cir. 2005). Historically, prosecutors have always been able to exercise great discretion when it comes to charging decisions, and a decision whether to seek an enhanced statutory minimum is just more of the same. In fact, this type of prosecutorial discretion is an integral part of the criminal justice system and, as such, is perfectly appropriate, as long as the enhancement decision is not based upon improper factors (i.e., race, color, creed, etc.). United States v. Labonte, 520 U.S. 751, 762 (1997). Therefore, where as here, there has been not even been an allegation of reliance on one of those prohibited factors, the defendant does not have any grounds upon which to challenge the delegation of discretion to the prosecution, since there is no constitutional right to avoid a statutory enhancement. United States v. Cespedes, 151 F.3d 1329, 1334 (11th Cir. 1998).

The defendant also claims that the mandatory minimum

sentence required by 21 U.S.C. §§ 841(a)(1)(B) and 851 somehow deprives him of his "due process right to individualized sentencing determination." This argument, however, flies in the face of the well established principle that there is no constitutional or due process right in non-capital cases to individualized sentencing. United States v. McEwan, 445 F.3d 237, 252 (3rd Cir. 2006); United States v. Campusano, 947 F.2d 1, 3 (1st Cir. 1991). Rather, the Due Process clause permits the type of mandatory sentences required by statutes of the type defendant complains about in this case. Ehrsam v. Rubenstein, 917 F.2d 764, 766 (3rd Cir. 1990).

Next, the defendant alleges that the government's decision to file the § 851 information deprived him of his right to a jury trial. Since the enhancement of the minimum mandatory sentence triggered by the filing of the § 851 information would apply whether the defendant pled guilty or was convicted after trial, certainly the statutory scheme itself does not in any way impact on the defendant's exercise of his right to trial. Even if the government had offered to forgo seeking the enhancement in exchange for the defendant's plea, that analysis would not change. The fact that defendants who plead guilty generally receive more lenient treatment, or at least a government recommendation of same, than those defendants who go to trial, does not in and of itself constitute an unconstitutional burden

on a defendant's right to trial. United States v. Yeje-Cabrera, 430 F.3d 1, 25 (1st Cir. 2005). So long as the prosecutor's decision to charge, or in this case file a notice of the government's intention to seek an enhanced minimum mandatory sentence, is based upon probable cause to believe that the defendant violated the applicable statutes,[1] the decision to file rests entirely with the prosecutor and the conscious exercise of that discretion does not constitute a constitutional violation. Bordenkircher v. Hayes, 434 U.S. 357, 363-64 (1978).

As well as challenging the constitutionality of mandatory minimum sentences and discretionary enhancements of same, the defendant also argues that the government must prove the existence of the prior convictions triggering an enhancement of that mandatory minimum beyond a reasonable doubt. The defendant does, however, concede that he has no statutory or case support for that proposition, and on that one point the government concurs. In fact, the courts have repeatedly rejected the defendant's interpretation of the law and specifically excluded the existence of a prior conviction from the category of penalty increasing facts that must be submitted to a jury and proven beyond a reasonable doubt to a jury. Apprendi v. New Jersey, 530

[1] It should be noted that the defendant has not disputed the fact that he meets the statutory requirements for an enhanced mandatory minimum sentence by virtue of his two prior felony drug convictions.

U.S. 465, 490 (2000); Almedarez-Torres v. United States, 523 U.S. 224 (1998). Prior convictions are merely sentencing factors rather than elements of the offense and, therefore, do not invoke the Sixth Amendment requirement of proof to a jury. United States v. Ivery, 427 F.3d 69, 74-75 (1st Cir. 2005).

Finally, the defendant urges the Court to impose a sentence below the guideline range based upon the application of the sentencing factors set forth in 18 U.S.C. § 3553(a). Although the Court must and should take those statutory factors into account, the Court should first consider the guidelines sentencing range. See United States v. Jimenez-Beltre, 440 F.3d 514, 518 (1st Cir. 2006). Those guidelines, in fact, remain an important consideration in the sentencing analysis since they alone represent an integration of the sentencing factors set forth in § 3553(a), reflect past practice, and bear the imprimatur of the Sentencing Commission [or, as in the case of the 100:1 crack to powder cocaine ratio, the United States Congress]. United States v. Smith, 445 F.3d 1, 4 (1st Cir. 2006).

Here, the guidelines call for the imposition of a total sentence of 195 to 228 months, a range that is entirely consistent with any application of the § 3553(a) factors to the particulars of the offenses for which the defendant was convicted, the defendant's lack of remorse after having committed

those offenses and the defendant's own long standing history of criminal behavior.[2]

**Conclusion**

For the reasons set forth above, the United States respectfully requests that this Honorable Court reject defendant's sentencing arguments and impose a sentence within the guideline range of 195 to 228 months.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Stephen G. Dambruch

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
RI Bar No. 3309
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
stephen.dambruch@usdoj.gov

[2] The government will supplement its argument on this point and make a specific sentencing recommendation when the defendant's sentencing hearing resumes on February 1, 2007.

**Certificate of Service**

I hereby certify that on the 26th day of January, 2007, a copy of the within Government's Response was served by way of the Electronic Case Filing System upon George J. West, Esquire, One Turks Head Place, Suite 312, Providence, RI 02903 (georgew180@aol.com).

/s/ Stephen G. Dambruch
STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
RI Bar No. 3309
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
stephen.dambruch@usdoj.gov