**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 05-011S** |
| | : | |
| **ANTHONY LIPSCOMB** | : | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION TO CONTINUE SENTENCING**

Now comes the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Stephen G. Dambruch, Assistant United States Attorney, and hereby objects to defendant's Motion to Continue Sentencing. The grounds for the government's objection are set forth in the accompanying memorandum of law.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,
ROBERT CLARK CORRENTE
United States Attorney

/s/ Stephen G. Dambruch

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
RI Bar No. 3309
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
stephen.dambruch@usdoj.gov

**Certificate of Service**

I hereby certify that on the 31st day of January, 2007, a copy of the within Government's Objection was served by way of the Electronic Case Filing System upon George J. West, Esquire, One Turks Head Place, Suite 312, Providence, RI 02903 (georgew180@aol.com).

/s/ Stephen G. Dambruch
STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
RI Bar No. 3309
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
stephen.dambruch@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 05-011S** |
| | : | |
| **ANTHONY LIPSCOMB** | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT'S MOTION TO CONTINUE SENTENCING**

## INTRODUCTION

The defendant seeks once again to continue his sentencing hearing. This request is premised upon the defendant's desire to obtain certain records and/or information relating to the government's filing of informations pursuant to 21 U.S.C. § 851. The government objects to the defendant's motion.

## FACTS AND TRAVEL

On October 5, 2005, a jury convicted the defendant of one count of possessing with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); one count of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A); and, one count of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). The Court initially scheduled the defendant's sentencing hearing for January 20, 2006, but then granted,

without objection from the government, defendant's seven continuance motions, ultimately resulting in a January 19, 2007 sentencing date. On January 9, 2007, the defendant once again filed a motion to reassign the sentencing, but, after receiving and considering the government's objection to that motion, the Court issued an Order denying defendant's request on January 17, 2007.

The sentencing hearing began on January 19, with the Court overruling defendant's objection to the calculation of his criminal history level as reported in the Presentence Report. The Court then continued the remainder of the hearing until February 1, 2007 in order to allow the Court an opportunity to review and consider the defendant's sentencing memorandum, which had only been filed the afternoon of January 18. The Court also requested that the government file a substantive response to defendant's memorandum, which the government did on January 26, 2007.

Now, one day before the scheduled reconvening of his sentencing hearing, the defendant once again, for the ninth time, seeks a continuance. On this occasion, the defendant argues that the matter should be continued for the purpose of allowing him to gain access to certain materials that this Court has ordered the government to produce to the court in an unrelated case.

**ARGUMENT**

The defendant, in his motion, fails to explain both why he would be entitled to the requested materials or how their contents would in anyway impact the sentencing analysis in the instant case. There is no dispute that the government, pursuant to 21 U.S.C. § 851, provided the defendant with proper and timely notice of its intention to request the imposition of an enhanced mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B) based upon the fact that the defendant has previously been twice convicted of state felony drug offenses. Furthermore, the defendant has never challenged the validity of those convictions by way of a response to the § 851 filing or an objection to the Presentence Report. Lastly, the defendant does not even allege that the government's decision to file the § 851 information in this case was discriminatory in both effect and intent, which, along with the presentation of some evidence in support of such an allegation, is a necessary starting point in any quest for the production of the requested materials and/or the mounting of a legitimate legal challenge to appropriateness of government's

decision to file the enhancement notice.[1] United States v. Armstrong, 517 U.S. 456 (1996).

**CONCLUSION**

For the reasons set forth above, the United States respectfully requests that this Honorable Court deny the defendant's Motion to Continue Sentencing.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Stephen G. Dambruch

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
RI Bar No. 3309
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
**stephen.dambruch@usdoj.gov**

[1] It should be noted that the defendant has not filed a formal motion requesting production of the above-referenced § 851 data. If the defendant does at some later point in time file such a motion or, in the alternative, the Court intends to treat this continuance motion as a formal demand for production, the government requests an opportunity to file a substantive response addressing that specific issue as it has done in the case of United States v. Terrance Greene, CR. No. 06-056S.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of January, 2007, a copy of the within Government's Memorandum was served by way of the Electronic Case Filing system upon George West, Esquire, One Turks Head Place, Suite 312, Providence, RI 02903 (Georgew180@aol.com).

/s/ Stephen G. Dambruch
STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
RI Bar No. 3309
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
stephen.dambruch@usdoj.gov