UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CR No. 05-011S |
| : | |
| ANTHONY LIPSCOMB : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States District Court

Pending before the Court is Anthony Lipscomb's Second Motion to Proceed In Forma Pauperis ("IFP") on Appeal. (Document No. 209). Because I find that the appeal is groundless and thus not taken in good faith, I recommend that the District Court DENY Plaintiff's Motion.

The present dispute concerns Mr. Lipscomb's Motion for the return of certain seized property – a Nextel Motorola cell phone and $1,471.00 in United States currency. (Document No. 192). In an April 23, 2012 Text Order, the Court granted the Motion in part and ordered the return of the cell phone only. An earlier Text Order entered on October 25, 2011 denied the Motion as to the currency which had been administratively forfeited under state law in 2005 and thus outside this Court's jurisdiction. On May 3, 2012, Mr. Lipscomb appealed such ruling to the First Circuit Court of Appeals. (Document No. 204).

Plaintiff's right to appeal in forma pauperis is governed by 28 U.S.C. § 1915 which provides that, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "Because the good faith standard is an objective one, an appeal is deemed not taken in good faith if the issues presented are frivolous. An appeal is considered frivolous when it is based on an 'indisputably meritless legal theory or factual allegations

that are clearly baseless.'" Lyons v. Wall, No. 04-380, 2007 WL 2067661 at *1 (D.R.I. July 13, 2007) (internal citations omitted).

In the present case, Plaintiff's proposed appeal to the First Circuit Court of Appeals presents no cognizable legal theories or meritorious factual allegations. As set forth in the Court's October 25, 2011 Text Order, the currency in issue was forfeited pursuant to State forfeiture proceedings over which this Court lacks subject matter to review. Because there is absolutely no merit to Plaintiff's claims, his appeal is likewise frivolous. Accordingly, I recommend that the District Court find that the appeal is not taken in good faith and DENY Plaintiff's Motion to Appeal IFP. (Document No. 209).

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 11, 2012